```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

KELLEY MOORE and LYNN E. MOORE,
her husband,

    Plaintiffs,

v.                                    Civil Action No. 5:10CV35
                                                       (STAMP)
UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING UNITED STATES' MOTION TO DISMISS**

I. Background

The plaintiffs, Kelley Moore and Lynn E. Moore, commenced this civil action in the Circuit Court of Ohio County, West Virginia against Randall Lyscik and Nancy Lyscik. In their complaint, the plaintiffs allege that Randall Lyscik caused a motor vehicle accident with Kelley Moore. Kelley Moore alleges injuries as a result of the accident and her husband alleges loss of consortium and services of his wife. At the time of the accident, Randall Lyscik was acting in the scope of his employment for the United States. The plaintiffs named Nancy Lyscik as owner of the vehicle involved in the accident. On March 25, 2010, the United States of America removed this civil action under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq. Under the provisions of the FTCA, this Court granted the substitution of the United States as the defendant in place of Randall and Nancy Lyscik.

The United States then filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The plaintiffs did not respond to this motion to dismiss. For the reasons set forth below, this Court grants the United States' motion to dismiss.

## II. Applicable Law

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1). The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, (3d ed. 1998). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996).

Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  Fed. R. Civ. P. 12(h)(3).

### III.  Discussion

A.  Motion to Dismiss

In its motion to dismiss, the United States argues that this Court lacks subject matter jurisdiction over this case because Randall Lyscik was acting in his scope as an employee of the United States, and the plaintiffs failed to exhaust their administrative remedies under the FTCA before filing a civil action.

The FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees.  28 U.S.C. § 1346(b)(1).  "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).  Moreover, the FTCA provides that an action against the United States shall be the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their office or employment.  See 28 U.S.C. § 2679.

The disposition of a tort claim by a federal agency is a prerequisite to initiating an action in the district court.  28 U.S.C. § 2675.  Section 2675(a) states that:

> [a]n action shall not be instituted . . . against the
> United States for money damages for injury . . . caused

> by the negligent or wrongful act or omission of any
> employee . . . while acting within the scope of . . .
> employment, unless the claimant shall have first
> presented the claim to the appropriate Federal agency and
> his claim shall have been finally denied by the agency in
> writing . . . . the failure of an agency to make final
> disposition of a claim within six months after it is
> filed shall . . . be deemed a final denial of the claim
> for purposes of this section.

28 U.S.C. § 2675(a). Failure to completely exhaust administrative remedies before filing an FTCA claim, however, is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. McNeil v. United States, 508 U.S. 106, 122 (1980). A prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed." Id. at 106.

Here, the defendant produced a declaration certifying that plaintiff has not filed or presented to the Office of Thrift Supervision, Department of the Treasury an administrative claim regarding the alleged conduct by Randall Lyscik. Accordingly, the plaintiffs' claims must be dismissed.

## IV. Conclusion

For the reasons set forth above, the United States' motion to dismiss is GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      June 14, 2010

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE